**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| PLANET AID, a Massachusetts Non-profit Corporation, 47 Sumner St. Milford, MA 01757<br><br>Plaintiff,<br><br>v.<br><br>BALTIMORE COUNTY, a Maryland Municipal Corporation, Baltimore County Clerks Office Historic Courthouse 400 Washington Avenue Towson, Maryland 21204<br><br>SERVE ON: **Resident Agent:** MICHAEL FIELD, COUNTY ATTORNEY BALTIMORE COUNTY OFFICE OF LAW ROOM 219 400 WASHINGTON STREET TOWSON MD 21204<br><br>Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## Introduction

NOW COMES the Plaintiff, Planet Aid, and for its Complaint against Defendant, Baltimore County, Maryland, says as follows:

## Parties

1. Plaintiff Planet Aid (hereinafter "Planet Aid" or "Plaintiff") is a 501(c)(3) nonprofit corporation incorporated in Massachusetts and headquartered in Elkridge, Maryland.

2. Planet Aid, in order to gather donations of clothes, textiles, and other lightly used goods that ultimately go to benefit development aid programs in some of the poorest communities in the world, places clearly labeled, stand-alone donation bins at various locations across the State of Maryland and nationwide.

3. Until August 2017, Planet Aid had a total of Two Hundred and Sixty (260) donation bins located within the Baltimore County, Maryland, all of which were active at the time the County adopted Bill 43-17 of the County Council of Baltimore County, Maryland on August 18, 2017.

4. Defendant Baltimore County (hereinafter "County" or "Defendant") is a chartered municipal corporation existing under the laws of the State of Maryland.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this case pursuant to 28 USC § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 USC § 1343(a)(3), in that it is brought to redress constitutional violations and deprivations of law under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 42 USC § 1983, which provides causes of actions for the protection of civil and constitutional rights and damages; and under 42 USC § 1988, to secure costs and reasonable attorney fees as part of the case. This Court has supplemental jurisdiction over Plaintiff's Maryland constitutional claims asserted herein as those claims form part of the same case or controversy as the federal questions asserted herein, pursuant to 28 USC § 1367(a).

6. The venue in this action is proper within the District of Maryland, Northern Division pursuant to 28 USC § 1391(b), in that (a) Plaintiff owns and

Verified Complaint and Demand for Jury Trial - 2

occupies property within this judicial district; (b) Defendant is situated within this judicial district; and (c) all of the claims asserted by Plaintiff arose within this judicial district.

## Nature of Action

7. This is a civil action wherein Plaintiff Planet Aid prays for a declaratory judgment against Defendant Baltimore County in order to prevent Defendant from acting under color of state law to deprive Plaintiff of its constitutional rights.

8. Through this suit, Plaintiff prays for a declaration from this Court, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and Federal Rule of Civil Procedure 57, because Baltimore County Bill No. 43-17 (the "Ordinance"), which amends Section 415B.1,101.1 of the Baltimore County Zoning Regulations, is unconstitutional in that it deprives Plaintiff of certain rights and privileges guaranteed under the United States and Maryland Constitutions.

9. Specifically, by requiring use permits for each collection bin, without providing rules, regulations and a functional application and permitting process, subjected to a reasonable permitting fee, the Ordinance effectively prohibits the operation of donation bins in all zones within Baltimore County.

10. The County failed to establish a permitting system, failed to establish a permitting fee, enabled staff to establish arbitrary and discretionary rules and regulations concerning the placement of bins, and has begun ticketing Plaintiff to remove the donation bins prior to the effective date of the Ordinance being established.

11. Furthermore, the Ordinance does not regulate or prohibit other similar types of receptacles, such as recycling bins or garbage dumpsters.

12. In sum, the County's enactment of the Ordinance violates Plaintiff's rights under the Free Speech and Equal Protection clauses of the United States and Maryland Constitutions.

13. Plaintiff concurrently seeks immediate injunctive relief enjoining Defendant from enforcing the Ordinance, which will go into effect on November 18, 2017.

## General Allegations

*Planet Aid and its Charitable Mission*

14. Plaintiff Planet Aid is a Massachusetts nonprofit organization that was founded in 1997 in order to improve health, aid vulnerable children, and reduce poverty in some of the poorest communities in the world.

15. In an effort to carry out this mission, Planet Aid operates and maintains donation collection bins ("donation bins" or "bins") at various private and public properties across the country. Individuals are able to donate their used clothing, shoes, and other textiles at these locations. An example of Planet Aid's bins is shown below.



16. Planet Aid sells all the clothing it collects to markets all over the world and uses the proceeds from these sales to pay for development programs in poor communities in Latin America, Africa and Asia and to pay for the overhead expenses to operate the non-profit.

17. Individuals deposit donations in Planet Aid's collection bins, which are located on private and public properties in visible and accessible areas.

18. All of Planet Aid's donation bins are clearly marked as belonging to Planet Aid and contain contact information for anyone to contact Planet Aid officials for any reason. Planet Aid's web site explains in depth how the used clothing collection works and where the proceeds are spent. It also has clearly and easily accessible contact information to Planet Aid's headquarter and local offices.

19. Planet Aid representatives generally visit each of its donation bins frequently in order to collect the donated goods and to avoid bin overflow and goods accumulating outside the bins.

20. Before placing its donation bins at any location, Planet Aid officials contact the property owner or manager or lessee and obtain permission to place the bins at a particular private or public property.

21. Planet Aid executes a written agreement between itself and the property owner or business manager or the lessee of each property where Planet Aid places a bin. The agreement includes the address of where the donation bin is placed, the name and title of the person who gave permission for Planet Aid to place its bin at that property, information regarding Planet Aid's commitment to maintaining the bin and keep its immediate vicinity clean, and a bird's view photo (Google or Bing maps) of where the particular bin is located at that site.

***Planet Aid's Charitable Efforts in Baltimore County***

22. Beginning in 2004, Planet Aid expanded its charitable efforts into Baltimore County, Maryland, by placing donation bins at various locations

throughout the County.

23. Planet Aid placed a total of Four Hundred (485)-donation bins throughout the County, of which Two Hundred and Sixty (260) were in operation at the time the Ordinance was adopted.

### *The County Enacted an Ordinance Prohibiting Collection Bins*

24. At its July 3, 2017 meeting, Baltimore County Council Member Tom Quirk introduced a bill to amend the County Zoning Ordinance to regulate how clothing and shoe donation bins may be located in Baltimore County.

25. The minutes do not reflect any reason for the Bill, any public comment, commission comment, administration comment, any rational basis or any reason for the introduction of Bill 43-17.

26. Proposed Bill 43-17 was neither introduced, discussed or presented to Planet Aid, a prominent bin operator who has its headquarters in Howard County, MD and a large thrift retail establishment in Baltimore County, and upon information and belief, any other bin operator.

27. On August 7, 2017, the Baltimore County Council enacted Bill No. 43-17, with the effective date of November 18, 2017, amending the zoning code for Baltimore County but without establishing a reasonable and functional permitting system for donation bins.

28. The enactment of Bill No. 43-17 occurred without notice to Planet Aid, and upon information and belief, no other donation bin operator, despite the content of the bill that targets only donations bins and not any other type of bin.

29. The minutes of the August 7, 2013 County Council meeting do not reflect any reason for the Bill, any public comment, commission comment, administration comment, any rational basis or any reason for the passage of Bill 43-17.

30. In establishing Bill 43-17, the Baltimore County Council provided as

follows:

    a. An amendment of Sections B1.1, 101.1, the definition of "Collector Trailer" and 500.4 of the Baltimore County Zoning Regulations.

    b. Defined the term "Collection Bin."

    c. Limited the placement of Collection Bins to be placed on shopping center properties, industrial park properties, fuel service stations properties;

    d. Requires a bin operator to possess a discretionary "use permit" by the Director of Permits, Approvals and Inspections.

    e. Requires a bin operator to show the placement of the bin on the "overall functional site plan of the shopping center and property in question," and other "considerations that he (the Zoning Administrator) may deem necessary."

    f. Requires compliance with the new Ordinance by existing bin operators within 90 days of the effective date, noted as November 18, 2017.

*The Ordinance's Effect on Planet Aid*

31. Soon after the Ordinance was passed, Code Enforcement Officers began issuing citations to property owners who have Planet Aid donation bins on their properties, instead of waiting until November 18, 2018 as required by the Ordinance.

32. One site host, which Planet Aid has a contract allowing it to place bins on the property, has withdrawn Planet Aid's donation bins from 45 properties in Baltimore County based on the code enforcement action taken by the County.

33. In response to the ticketing, Planet Aid representatives appeared at the Zoning Administrators office to pick up applications for the donation bins. The office did not have applications and informed the representatives Planet Aid that

the County did not have staff selected, a process ready or any mechanism to secure a permit.

34. Thereafter, representatives of Planet Aid contacted County Council Member Quirk's office in Catonsville, the author of the Bill, to explain the impact of the ordinance: namely, the ticketing and the lack of a process to secure a permit.

35. Margaret Stokes, Legislative Aide and Cathy Engers, Senior Council Assistant for Council Member Quirk explained that the bill 43-17 was not aimed at Planet Aid. They said that Planet Aid was compliant with the law. They further said that the reason for the bill was to get rid of hundreds of wooden collection bins, placed throughout the county without property owners' permission and without contact information on the bins.

36. In response, representatives of Planet Aid returned to the County Zoning and Permitting Office to find if there was any movement on an application, a process, a fee and the requirements to secure a permit.

37. The representatives of Planet Aid were then told that there is a "$100" "Counter Fee" to be paid at the Court House when a permit was issued. The County's Zoning Fee sheet does not list a Counter Fee. Further more, Planet Aid's representative was told that the application required a site plan for the entire property, not just the area where the donation bin was to be placed and that site plans should be provided by the property owners. Further more, that donation bins could not be placed on parking spaces, unless the property owners submit applications for site plan modification to change square footage of paved and open areas, request a hearing at Permits, Approvals and Inspections and in essence go through a full site plan modification. Further more Planet Aid's representative was told that the donation bins would probably not be allowed on parking lot islands or berm areas. Based on this subjective criterion, which are invented, expanded and changed in lockstep with Planet Aid's increasing questions to the Department of

Permits, Approvals and Inspections for clarification about the application and permitting process, Baltimore County has a defacto ban on donation bins.

38. On November 9, 2018, legal counsel for Planet Aid sent a letter to the County Attorney outlining the legal issues at play and requested a stay of enforcement. In addition, the attorney provided a sample ordinance, a white paper, the published decision of *Planet Aid v. St. Johns, Michigan* and a thorough letter explaining the constitutional issues that have arisen from the enactment and enforcement of the Ordinance.

39. In response to the letter, the County Counsel has dismissed the tickets issued to the property owners who were cited and fined.

40. However, the Baltimore County Code Enforcement Office continues to harass site host of the Planet Aid bins, demanding that they remove the same or face being ticked.

41. The offending Ordinance remains in place. On November 18, 2017, the Ordinance will be effective and Planet Aid is at risk of having all of its donation bins ticketed, the company fined and potentially the same removed while at the same time, have no viable process in place to secure a permit. It is, therefore, at risk of losing the approximately 30,000 pounds of clothes weekly at its sites in Baltimore County. Additionally, the threatening and harassment by Defendant is causing property owners in contract with Planet Aid for placement bins to withdraw their permission for placements, costing Planet Aid a major loss in ability to collect donated clothing.

42. The revocation of these sites, and the ability to collect donated clothing, will have devastating impact on the mission of Planet Aid, to benefit families and persons in need.

43. As a result of the County's enactment and enforcement of the Ordinance, Planet Aid is effectively barred from locating any donation bins within

the County for the purpose of soliciting charitable donations.

44. Planet Aid will indefinitely continue to be barred from soliciting charitable donations in the County.

## FIRST CAUSE OF ACTION
### Violation of the United States Constitution
### Free Speech Clause: First and Fourteenth Amendments

45. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. The Ordinance is a broad, prophylactic rule that violates the United States Constitution on its face and as applied to Planet Aid.

47. The solicitation of charitable donations such as clothing, shoes, and other textiles is a form of speech fully protected by the First Amendment to the United States Constitution.

48. Planet Aid has a constitutional right to engage in this protected speech and may not be prohibited from exercising this right unless Defendant can prove that its restriction on Plaintiff's speech does not burden substantially more speech than necessary and is narrowly tailored to further a substantial state interest.

49. At all times alleged herein, Defendant has been and will continue to be acting under the color of state law and engaging in state action.

50. Constitutionally protected activities may not be directly and substantially limited, diminished, prohibited, or chilled by state actions, including the actions of local governments such as Defendant, acting under the color of state law.

51. The Ordinance's prohibition on donation bins in the County directly, indirectly, and substantially limits Planet Aid, as well as a number of other entities, from engaging in constitutionally protected speech.

52. The Ordinance proscribes Planet Aid, as well as other similarly situated organizations, from engaging in protected speech in the County simply

because these organizations utilize donation bins as a means of effectuating their right to free speech.

53. The Ordinance is not supported by any legitimate state interests, nor is the Ordinance narrowly tailored to further said interests, since the County's interests can all be attained without prohibiting or chilling constitutionally protected activities.

54. Additionally, the Ordinance contains various exceptions that allow certain collection bins to be located in the County.

55. Moreover, the Ordinance contains several other provisions that regulate, but do not ban, a number of receptacles that are similar to donation bins, including recycling and waste containers.

56. The Ordinance, therefore, constitutes a content-based restriction on speech, and completely extinguishes Planet Aid's ability to carry out its free speech rights by soliciting charitable donations at its donation bins. By silencing Planet Aid's speech in its entirety, Defendant has impermissibly restrained the content of Planet Aid's speech and unconstitutionally favored some speech over other speech.

57. The County's Ordinance is subject to strict scrutiny as a form of discrimination amongst speakers.

58. Planet Aid is suffering and will continue to suffer irreparable harm by the County's enforcement of the Ordinance.

## SECOND CAUSE OF ACTION
**Maryland Constitution, Declaration of Rights**
**Freedom of Speech: Article 10**

59. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 58 inclusive, as though fully set forth herein.

60. Under Article 10 of the Declaration of Rights of the Maryland Constitution provides for Freedom of Speech.

61. Defendant has deprived and continues to deprive Plaintiff of its right to freedom of speech by adopting and enforcing the Ordinance, which bars Planet Aid from effectively operating donation bins in Baltimore County, in violation of Article 10 of the Declaration of Rights of the Maryland Constitution.

**THIRD CAUSE OF ACTION**
**Violation of the United States Constitution**
**Equal Protection Clause: Fourteenth Amendment**
**42 USC § 1983**

62. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 62, inclusive, as though fully set forth herein.

63. The Equal Protection Clause prohibits discrimination by a governmental entity that burdens a fundamental right.

64. The right to freedom of speech is a constitutionally protected fundamental right.

65. Zoning ordinances that affect fundamental rights are subject to strict scrutiny.

66. The Ordinance imposes a blanket prohibition barring organizations from operating donation bins in the County.

67. The County's asserted interests are not "compelling" for purposes of a constitutional analysis.

68. Furthermore, the Ordinance is not narrowly tailored in order to achieve the County's asserted interests.

69. In contrast, the Ordinance does not apply to commercial dumpsters, recycling bins, paper collecting bins, residential trash bins and organizations, such as Salvation Army, St Vincent DePaul and other charitable organizations that solicit and collect charitable donations at a permanent structure rather than with donation bins.

70. This disparate treatment bears no rational relationship to any

compelling state interests. Any legitimate state interest, such as public safety, nuisance abatement or protecting property values, which compels the regulation of donation bins in the County, must apply equally to all collection containers.

71. Since the interests asserted in the Ordinance are not compelling and the County has not narrowly tailored the Ordinance to achieve its asserted interests, the Ordinance fails strict scrutiny review.

72. As such, the Ordinance is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by discriminating against Planet Aid and other similarly situated entities.

**FOURTH CAUSE OF ACTION**
**Violation of the Plaintiff's Procedural and Substantive Due Process Rights Guaranteed by the Fourteenth Amendment to the**
**United States Constitution (42 U.S.C. § 1983)**

73. Plaintiff restates the allegations in paragraphs 1 through 73 as if fully restated herein.

74. Beginning in the year 2004, Plaintiff Planet Aid lawfully placed four hundred and eighty seven (487) binds in Baltimore County, of which, two hundred and sixty (260) donation bins remain.

75. Prior to August 3, 2017, the County did not enforce the Ordinance in a manner that prohibited or in any way regulated the placement of donation bins within Baltimore County.

76. Because the County did not regulate donation bins within the County of Baltimore prior to Ordinance 43-17, Plaintiff's use of property for the placement of donation bins for more than 13 years, constitutes a prior non-conforming use under the laws of the State of Maryland and the ordinances of Baltimore County.

77. Further, under Maryland state constitutional law, has a property interest in the bins, through contracts and leases with site host, resulting in a vested

right in prior nonconforming uses that have not otherwise been legally invalidated.

78. Plaintiff had a valid property interest in the location of its donation bins as a non-conforming use.

79. Defendant, under color of state law, has deprived and continues to deprive Plaintiff of substantive due process of law, as secured by the Fourteenth Amendment to the United States Constitution, by denying Plaintiff use of its donation bins based upon an irrational and discriminatory motivation.

80. Defendant, under color of state law, has also deprived and continues to deprive Plaintiff of Due Process as secured by the Fourteenth Amendment to the United States Constitution.

81. Further, prior to the enactment of the Ordinance, Baltimore County was constitutionally required to provide Plaintiff notice and a hearing prior to demanding that it remove the bins.

82. The County of Baltimore did not provide Plaintiff notice or an opportunity for a hearing prior to the County making the unilateral decision to begin enforcing the Ordinance in a manner that prohibits Plaintiff from operating recycling donation bins in the County.

83. The County's decision to enforce the Ordinance in a manner that prohibits Plaintiff from operating donation bins in the County, without providing Plaintiff notice or an opportunity to be heard prior to this decision, violates Plaintiff's right to procedural due process of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

84. Additionally, Baltimore County is required to provide bin operators, such as Planet Aid, a mechanism to secure a permit with objective criteria prior to enforcing the Ordinance.

85. Baltimore County failed to provide a mechanism, a process, plan or procedure to secure a permit for the placement of donation bins. The site plan modification, which we have been instructed to follow, is overly burdensome and

prohibitively costly, which bars Planet Aid from carrying out our constitutional right. Collection bins are placed with at-will agreements and not as permanent structures. They are not installed as fixed structures on a property and they take up 16 square feet of ground space, which is an immaterial area on most properties. Further, collection bins provide an important public service, as well as having an important social and environment impact.

86. Planet Aid has been harmed, and continues to be harmed, by the enforcement of the Ordinance where the County has started code enforcement to punish bin operators who do not have permit even though the County has no process to issue permits.

87. As a direct result of the County's violation of Plaintiff's Fourteenth Amendment rights to due process as alleged above, Plaintiff is suffering irreparable harm for which there is no adequate remedy of law.

88. As a direct result of the County's violation of Plaintiff's Fourteenth Amendment rights to due process, as alleged above, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

## FIFTH CAUSE OF ACTION
**Violation of the Dormant Commerce Clause**

89. Plaintiff restates the allegations in paragraphs 1 through 89 as if fully restated herein.

90. The Commerce Clause of the United States Constitution provides that "Congress shall have Power … to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes…." U.S. Const. art. I, sec. 8, cl. 3.

91. The Commerce Clause prohibits state laws and regulations that (i) discriminate against interstate commerce; (ii) regulate extraterritorial commerce; or (iii) unduly burden interstate or extraterritorial commerce.

92. The Dormant Commerce Clause is a court-recognized doctrine that provides that if a statute passed by Congress is silent on a point of interstate or international commerce, states are free to pass legislation that might pertain to it if the state law does not discriminate against or inappropriately burden interstate commerce.

93. By effectively prohibiting all donation bins in the County, the Zoning Ordinance facially regulates the channels of interstate commerce and their use.

94. The burden the Zoning Ordinance places on donation bin operators is excessive in relation to any purported local benefits. Because the Ordinance allows organizations that are located in permanent facilities within the County to continue soliciting and collecting donated items but entirely prohibits out-of-state organizations that do not own property in the County and instead place donation bins on the property of others, the Ordinance imposes a disproportionately higher burden on out-of-state organizations such as Planet Aid, and thus constitutes an undue burden on interstate commerce in violation of the Commerce Clause.

95. Planet Aid has suffered and will continue to suffer irreparable harm if Defendant is permitted to continue enforcement of its Ordinance.

96. Planet Aid is therefore entitled to a declaratory judgment that Defendant's exclusion of Planet Aid's donation bins is unconstitutional under the Dormant Commerce Clause.

97. Planet Aid is further entitled to injunctive relief prohibiting Defendant from enforcing the Ordinance in a manner that excludes out-of-state organizations from operating donation bins in the County while permitting organizations with permanent, in-state facilities to solicit and collect donations.

98. As a further direct result of the County's violation of the Dormant Commerce Clause, as alleged hereinabove, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

## Prayer of Relief

**WHEREFORE,** Plaintiff Planet Aid respectfully requests a judgment against Defendant Baltimore County on each and every count alleged herein as follows:

1. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

2. Pursuant to 28 USC § 2201, declare the aforementioned Ordinance, and to the extent such provision is not severable, the Baltimore County Bill 43-17, to be in violation of the First and Fourteenth Amendments to the United States Constitution, and further declare that Plaintiff is permitted as of right to operate donation bins in the County as a means of exercising its constitutional right to solicit charitable donations;

3. Pursuant to 28 USC § 2202, Fed. R. Civ. P. 64, 42 USC § 1983, and 42 USC § 2000cc-4, permanently enjoin Defendant from enforcing the Ordinance to the extent that it prevents Plaintiff from operating donation bins in the County;

4. Pursuant to 28 USC § 2202 and Fed. R. Civ. P. 64, award Plaintiff exemplary, compensatory and nominal damages;

5. Pursuant to 28 USC § 2202, Fed. R. Civ. P. 65, 42 USC § 1983, and 42 USC § 1988, 42 USC § 2000cc-4, award Plaintiff all necessary and appropriate equitable relief;

6. Pursuant to 42 USC § 1988, 42 USC § 2000cc-4(d), Fed. R. Civ. P. 54(d), and other applicable law, award Plaintiff its reasonable attorney fees and costs; and

7. Grant such other and further relief, injunctive or otherwise, as the Court deems equitable, just and proper.

# VERIFICATION

I am the Chief Operating Office of Plaintiff Planet Aid in the above-entitled action and am authorized to make this Verification on its behalf.

I have read paragraphs 1 through 3 and 14 through 45 of the Verified Complaint, and know the contents thereof. I certify that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters, I belief them to be true.

I declare under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct.

Signed on November____, 2017, at Elkridge, Maryland.


_____
By: Fred Olsson
Its: Chief Operating Officer


Respectfully Submitted,

**Dalton & Tomich, PLC**

***/s/ Daniel P. Dalton***
Michigan Bar No. P. 44056 - *Pro Hac Vice* Pending
The Chrysler House
719 Griswold St., Ste. 270
Detroit, MI 48226
Tel: 313.859.6000
Email: ddalton@daltontomich.com
*Lead Counsel*

And

**The Cox Law Center, LLC**

***/s/ Daniel L. Cox***
D. Maryland Bar No. 28245

Verified Complaint and Demand for Jury Trial - 18

P.O. Box 545
Emmitsburg, Maryland, 21727
Tel: 410.254.7000
Facsimile: 410.254.7220
dcox@coxlawcenter.com

Attorneys for Plaintiff

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in the action of all issues so triable.

Respectfully Submitted,

**Dalton & Tomich, PLC**

*/s/ Daniel P. Dalton*
Michigan Bar No. P. 44056 - *Pro Hac Vice* Pending
The Chrysler House
719 Griswold St., Ste. 270
Detroit, MI 48226
Tel: 313.859.6000
Email: ddalton@daltontomich.com
*Lead Counsel*

And

**The Cox Law Center, LLC**

*/s/ Daniel L. Cox*
D. Maryland Bar No. 28245
P.O. Box 545
Emmitsburg, Maryland, 21727
Tel: 410.254.7000
Facsimile: 410.254.7220
dcox@coxlawcenter.com